WOLF, Judge.
Claimant is appealing an order denying request for TTD, TPD, or wage loss, and certain costs from May 22, 1989, until the date of the hearing. Claimant asserts (1) that there is no competent substantial evidence to support the JCC’s conclusion that the claimant’s injury resolved itself by the end of May, 1989, and (2) that the JCC erred in failing to rule on unresolved claims for medical bills, penalties, interest, and attorney’s fees. We agree with appellant and reverse and remand for further determinations consistent with this opinion.
Claimant suffered an industrial accident on May 22, 1989. While working as a custodian, he slipped and fell on his back. Claimant asserted that as a result of the accident, he injured his knee and back. Claimant was seen at the emergency room on the day of the accident. Ten days later, he was examined by Dr. Saslow, an orthopedic surgeon. Dr. Saslow found the claimant to have suffered injuries to his spine and knee. Dr. Saslow saw claimant a number of times from May to September, 1989, and determined that for the entire period claimant was either totally disabled or was subject to work restrictions. The claimant was released to full-time duty with restrictions by Dr. Saslow on September 18, 1989.[1] Dr. Saslow’s opinion was that the industrial accident aggravated chronic back and knee problems.
Dr. Saslow referred claimant to Dr. Tip-ton, a neurosurgeon, who saw claimant on September 6, 1989. Dr. Tipton could find no evidence of an ongoing injury which he could attribute to the industrial accident. Dr. Tipton felt that claimant’s CT scan and x-rays were normal for a man 59 years old.[2] While Dr. Tipton disagreed with Dr. Saslow’s evaluation, he stated that he would defer to Dr. Saslow’s opinion for the period prior to September 6, 1989. The doctor did, however, state that he felt that symptoms described by the claimant and findings described by others interpreting the CT scan and x-rays would take many years to develop and were not caused by the industrial accident.
On September 6, 1989, Dr. Saslow told claimant that there was nothing else he could do for him. The claimant, on his own, then went to see Dr. Serrano and Dr. Menon, a neurosurgeon.[3] More x-rays *418 were taken by the doctors. Based upon x-rays, CT scan, and physical examination, both doctors found spinal abnormalities. Dr. Serrano specifically attributed the problem to the industrial accident.
The last doctor seen by appellant was Dr. Merryweather, a neurosurgeon, on April 12, 1990. Dr. Merryweather indicated the claimant had chronic lumbar sacral strain with normal neurological examination. Based upon CT scan and medical examination, Dr. Merryweather found claimant’s condition to be chronic and consistent with a man of his age. The doctor, however, recommended conservative care and rehabilitation.
After the hearing, the JCC denied all claims for benefits and did not rule on the claims for medical bills, penalties, interest, and attorney’s fees.
Appellee concedes that the finding by the JCC, that Dr. Saslow found the claimant to be in normal condition in May of 1989 and released him to work, is not supported by competent substantial evidence. While there is some conflict between the doctors concerning the cause of claimant’s spinal and knee problems, Dr. Saslow is the only doctor who testified concerning claimant’s condition at the end of May, 1989. Dr. Saslow did not find that the problem had been resolved at that time. Therefore, the JCC’s finding that the industrial accident caused a temporary exacerbation of a preexisting condition which had resolved itself by May is not supported by competent substantial evidence. Due to the conflicting evidence as to causation, it would be inappropriate for us to determine entitlement to benefits at the appellate level. We, therefore, remand for a further determination of claimant’s entitlement to benefits in light of this opinion.
Appellee also concedes that the failure by the JCC to address the request for payment of doctor bills, penalties, interest, costs, and attorney’s fees necessitates that the case be remanded. We, therefore, also remand for that purpose.
WIGGINTON and ALLEN, JJ., concur.

.Claimant was dismissed from work in June for unrelated reasons. Claimant was never provided work search forms by the employer after his dismissal.

. Dr. Saslow and Dr. Tipton’s disagreement seems to be partially based on the reading and interpretation of a CT scan and x-ray taken at the hospital.

. There is a factual dispute as to whether the *418 claimant requested the carrier to authorize treatment by these doctors. The E/C asserts that the medical treatment given by Dr. Serrano and Dr. Menon was unauthorized. The ICC failed to rule on the claim for these medical bills.